IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:02-CR-9-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JERMAINE PIERRE THOMAS, | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion for early termination of his term of supervised release [DE 140]. The government responded in opposition, and a hearing was held before the undersigned on May 2, 2018. For the following reasons, defendant's motion is granted.

On July 7, 2003, Defendant Jermaine Thomas was sentenced to a term of 245 months' imprisonment after pleading guilty to conspiracy to distribute and possess with intent to distribute cocaine base (crack). He was also sentenced to a term of five years supervised release and ordered to pay a $100 special assessment. His term of imprisonment was later reduced to 174 months. Defendant was released from prison on October 30, 2015 and began his term of supervision. On September 28, 2017, defendant filed the instant motion, seeking early termination of his supervised release.

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant" after the defendant has served one year of supervised release provided that certain conditions are met. First, the Court must consider certain factors set forth in 18 U.S.C. § 3553. Second, the Court may terminate supervised release only "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of

justice." Section 3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("The conjunction 'and' used in the statute ... clearly indicates that a district court must conclude that the early termination of supervised release is warranted by both the individual's conduct and also by the interest of justice.").

As discussed at the hearing, the Court finds early termination is warranted in this case. The Court recognizes that mere compliance with the terms of supervised release is insufficient to warrant early termination, *see Folks v. United States*, 733 F. Supp.2d 649, 652 (M.D.N.C. 2010) (collecting cases), but after consideration of the requisite factors in § 3553(a), the Court holds that the goals of supervised release have been satisfied. Defendant is gainfully employed and has reintegrated into the community. He acts as a mentor, including to other offenders, and cultivates his family relationships. The government's sole objection to defendant's termination is that defendant took out lines of credit, including signing up for an Old Navy credit card, without a written record of authorization from his previous probation officer. The Court took this argument into account when evaluating the § 3553(a) factors. The Court finds that termination in this case is in the interest of justice. The mThotion for early termination [DE 140] is therefore GRANTED.

SO ORDERED, this __3__ day of May, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE